UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| H. RICHARD AUSTIN, :<br>  :<br>       Plaintiff, :<br>  :<br>v.                 : File No. 1:10-mc-104<br>  :<br>HANOVER INSURANCE :<br>COMPANY & MASSACHUSETTS :<br>BAY INSURANCE COMPANY, :<br>  :<br>       Defendants. :<br>_____ : | |

MEMORANDUM AND ORDER
(Doc. 1)

Plaintiff H. Richard Austin (Austin), proceeding pro se, filed a motion for leave to file a complaint (Doc. 1) on December 6, 2010, seeking to bring an action stemming from a fire that destroyed Austin's home in Warren, Vermont on November 12, 1993. In a prior action, Austin v. Downs, Rachlin & Martin, 1:06-cv-38, this Court entered a protective order requiring Austin to move for leave prior to initiating a further action because Austin had attempted four times to challenge the scientific evidence in his initial case. As recently as June and September 2010, Austin asked the Court for leave to file a complaint. Austin's current proposed complaint against Hanover Insurance Company and Massachusetts Bay Insurance Company (collectively, defendants) -- as was the last -- is styled as an "independent action in equity" under Fed. R. Civ. P. 60(d)(1).[1]

In entering the protective order, this Court informed Austin it would review a motion for leave to file a complaint, and "if it appears that the proposed action is repetitive, meritless, frivolous, malicious, intended to harass or otherwise barred," the Court will deny leave. Austin v. Downs,

---

[1] Rule 60(d)(1) provides: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding."

1

Rachlin & Martin, No. 1:06-cv-38, 2006 WL 2585102, at *3 (D. Vt. Aug. 24, 2006).[2] Four years later, on August 24, 2010, this Court denied Austin leave to file a complaint under Fed. R. Civ. P. 60(d)(3) alleging "fraud upon the court," finding the proposed complaint was "indeed repetitive, meritless and frivolous, if not malicious and intended to harass." Austin v. Hanover Ins. Co., No. 1:10-mc-46, 2010 WL 3338185, at *1 (D. Vt. Aug. 24, 2010). The Court further warned him "he 'is placed on notice that future frivolous or vexatious litigation will expose him to the imposition of penalties, such as monetary sanctions.'" Id. (quoting Austin v. Downs, Rachlin & Martin, 270 F. App'x 52, 54 (2d Cir. 2008)). On October 22, 2010, this Court denied Austin leave to file a complaint under Fed. R. Civ. P. 60(d)(1), finding the proposed complaint was "also meritless and frivolous." Austin v. Hanover Ins. Co., No. 1:10-mc-85, 2010 WL 4280421, at *1 (D. Vt. Oct. 22, 2010). The Court issued a last and final warning: "If Austin attempts to commence a further meritless action regarding the 1993 fire in this Court again, he will be penalized: the Court will order monetary sanctions." Id. at *2.

      The Court finds Austin's current proposed complaint is also meritless and frivolous. In his proposed complaint, Austin alleges the defendants breached their fiduciary duty and breached the covenant of good faith and fair dealing by thwarting his efforts to obtain information relevant to his claim, resorting to grossly improper litigation tactics, engaging in oppressive behavior, and deliberately misrepresenting a key section of the insurance contract. (Doc. 1-1 at 3, 6, 8, 9.) Whether these are claims Austin has previously raised or not, and therefore are barred by res judicata, Austin was on notice as to the existence of the claims by the conclusion of the original

---

[2] Austin has appealed decisions of this Court to the Second Circuit five times, see Austin v. Downs, Rachlin & Martin, 270 F. App'x 52, 53 n.1 (2d Cir. 2008), and has also tried his luck in the District of Massachusetts and First Circuit. See Austin v. Douglas G. Peterson & Assocs., No. 09-1099, slip op. (Nov. 10, 2009) (affirming dismissal on the basis of failure to state a claim, as well as res judicata and the state statute of limitations).

litigation in 1997.  Accordingly, even if the claims for breach of fiduciary duty and breach of the covenant of good faith and fair dealing were not duplicative, and therefore barred by res judicata, they are barred by the six-year time limitation of 12 Vt. Stat. Ann. § 511 ("A civil action, . . . shall be commenced within six years after the cause of action accrues and not thereafter."). See Furlon v. Haystack Mtn. Ski Area, Inc., 388 A.2d 403, 406 (Vt. 1978) ("The statute of limitations runs from the time when a plaintiff can first sue and recover his demand.").  As Austin has made no argument that statutory or equitable tolling applies to his claims, the statute of limitations on his claims expired years ago.

Austin's motion for leave to file complaint (Doc. 1) is DENIED.  As Austin was unequivocally warned a monetary sanction would follow any further attempt to commence a meritless action regarding the 1993 fire, see Austin, 2010 WL 4280421, at *2, the Court hereby imposes, and orders Austin to pay, a penalty of $5,000.00.  Austin is reminded he is also responsible to pay $5,028.17, the unpaid taxable costs assessed against him in the original action, see Dkt. No. 1:95-cv-170, entry no. 192.  The taxable costs shall be made payable to the Clerk of Court, and mailed to the United States District Court, P.O. Box 945, Burlington, Vermont 05402, for distribution to the parties.  Further, the $5,000 monetary sanction shall also be made payable to the Clerk of Court for deposit in the Court's Miscellaneous Fines and Penalties account.

As an additional non-monetary sanction, the Court further orders the Clerk of this Court shall not accept any further filings by Austin until the total amount owed has been paid in full and satisfactory proof thereof has been furnished.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of April, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge